IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02419-PSF-BNB

MARY A. CHAVEZ, and others, et al.,

Plaintiffs,

v.

YOUNG AMERICA INSURANCE COMPANY,

Defendant.
_____

**ORDER**
_____

This matter is before me on the **Defendant's Unopposed Motion to Stay** [Doc. # 17, filed 3/1/2007] (the "Motion to Stay").  The Motion to Stay is DENIED.

This is a purported class action, removed by the defendant to this court from the state district court for the City and County of Denver, Colorado.  The plaintiffs allege a violation of section 10-4-609(2), C.R.S., and seek an order that "every insurance policy of Young America Insurance Company issued to Colorado residents during the last three (3) years be re-written to include UM/UIM motor vehicle insurance coverage in an amount of $100,000/$300,000," among other relief.  *Class Action Complaint* [Doc. # 1-2, filed 12/4/2006].  The defendant moved to dismiss the case under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, arguing:

>Colorado's UM/UIM statute states, in relevant part:
>
>"Prior to the time the policy is issued or renewed, the insurer shall
>offer the named insured the right to obtain higher limits or
>uninsured motorist coverage ***in accordance with its rating plan***

> *and rules*, but in no event shall the insurer be required to provide limits higher than the insured's bodily injury liability limits or one hundred thousand dollars per person and three hundred thousand dollars per accident, whichever is less. . . .  For purposes of this subsection (2), the underinsured motorist coverage is included in the term 'uninsured motorist coverage' pursuant to subsection (4) of this section."
>
> \* \* \*
>
> Young America Insurance Company's rating plan and rules only allow insureds to purchase bodily injury liability limits of $25,000/$50,000.  Unlike many other automobile insurers that offer customers the option to purchase $100,000/$300,000, $250,000/$500,000, and combined single limit policies, Young America's only option for bodily injury liability is Colorado's minimum liability limit of $25,000/$50,000.

*Defendant's Motion to Dismiss Class Action Complaint* [Doc. # 7, filed 12/8/2006], at ¶¶5-6.

The defendant seeks to stay the case pending a determination of its motion to dismiss.  In support of its request for a stay, the defendant argues that requiring the parties to pursue discovery will impose substantial costs and burdens which may prove unnecessary in the event defendant's motion to dismiss is granted.  The defendant also asserts that a stay is especially appropriate here because the request is unopposed.

The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending.  Instead, Rule 1 instructs that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action," and Rule 26(c) permits a court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including entry of a stay of discovery.  In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake.  Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with

> the civil action and the potential prejudice to plaintiffs of a delay;
> (2) the burden on the defendants; (3) the convenience to the court;
> (4) the interests of persons not parties to the civil litigation; and (5)
> the public interest.

Federal Deposit Ins. Corp. v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); accord String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006)(same). Considering these factors leads me to conclude that a stay of discovery in this case is not warranted.

The average time from the filing of a dispositive motion to its determination in this district in 2006 was 7.5 months. Consequently, essentially staying the case while defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with injurious consequences. In this regard, it has been argued:

> Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for.
> 
> \* \* \*
> 
> In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system.

Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effect on Settlement*, 155 U. PA. L. REV. 503, 528 (2006).

In addition, motions to dismiss are denied more often than they result in the termination of a case. Consequently, without attempting to prejudge the district judge's ruling on defendant's motion to dismiss, it is more likely than not from a statistical point of view that a delay pending a ruling on the motion to dismiss would prove unnecessary.[1]

---

[1] In this case, the defendant's motion to dismiss is premised entirely on its assertion that "Young America Insurance Company's rating plan and rules only allow insureds to purchase

3

Defendants always are burdened when they are sued, whether the case ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden on the defendant in this case.

It generally is the policy in this district not to stay discovery pending a ruling on a motion to dismiss. See Ruampant v. Moynihan, 2006 U.S. Dist. LEXIS 57304 **4-5 (D. Colo. Aug. 14, 2006). This is particularly true in cases like this one, pending before Judge Figa, who has instructed as follows:

> Litigants and counsel should know at the scheduling conferences that I plan to have all cases assigned to me tried within one year of filing, absent extraordinary circumstances.
>
> I would like parties to be made aware that all discovery should be conducted within 90-120 days of the date of the scheduling conference, again absent extraordinary circumstances. That should include expert discovery.
>
> Parties and litigants should be informed that dispositive motions should be filed within 15-30 days after the completion of discovery.

The deadlines established by the district judge could not be met if cases routinely are stayed while motions to dismiss are pending. Nor does the pendency of a run-of-the-mill motion to dismiss for failure to state a claim under Rule 12(b)(6), as here, constitute "extraordinary circumstances" within the contemplation of Judge Figa's instructions.

---

bodily injury liability limits of $25,000/$50,000." *Motion to Dismiss*, at ¶6. This assertion is unsupported by any evidence, nor could the court consider evidence in ruling on a motion to dismiss. Consequently, I am not persuaded that the defendant undoubtedly will prevail on its motion to dismiss.

Notwithstanding the agreement of the parties that they would prefer a stay, the more general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion to Stay be denied.

IT IS ORDERED that the Motion to Stay is DENIED.

Dated March 2, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge