IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Civil Action No. 06-cv-02419-RPM-BNB

MARY A. CHAVEZ, et al.,

    Plaintiffs,

v.

YOUNG AMERICA INSURANCE COMPANY,

    Defendant.

## ORDER FOR SUMMARY JUDGMENT OF DISMISSAL

This class action complaint, filed December 4, 2006, asks for an order that every insurance policy of Young America Insurance Company ("Young America") issued to Colorado residents in the last 3 years be re-written to include UM/UIM motor vehicle coverage in an amount of $100,000/$300,000 and an award of damages for each and every plaintiff that has an insurance policy that does not possess higher UM/UIM limits than the minimum $25,000/$50,000 policy. That relief is requested on allegations that the defendant, Young America, does not offer uninsured/underinsured motorists benefits in excess of $25,000; that it does not comply with C.R.S.10-4-609(2) and that the daughter of the named plaintiff, Mary A. Chavez, was killed in an automobile accident which resulted in three deaths and one severe injury caused by a tortfeasor who maintained a $25,000/$50,000 liability insurance policy.

Upon removal from the District Court, Denver County, Colorado, this action was referred to Magistrate Judge Boland for case management. The defendant filed a

motion to dismiss under Fed.R.Civ.P. 12(b)(6) on December 8, 2006. That motion was briefed but not decided. The Magistrate Judge denied an unopposed motion to stay discovery, filed by the defendant on March 1, 2007.

On July 16, 2007, the defendant filed a motion for summary judgment, making the same legal arguments as in the motion to dismiss. The summary judgment motion has been fully briefed and oral argument would not be helpful given that the controlling legal issue is a question of statutory interpretation. Also pending is the Plaintiffs' Petition for Class Certification, filed July 16, 2007, which has been fully briefed. It asks the certification of a class comprised of all persons who purchased motor vehicle insurance from Young America in the last five years who were not informed of the opportunity to purchase higher UM/UIM coverage limits pursuant to C.R.S. § 10-4-609(2), estimating their number at over 50,000 persons. The legal issue for which class certification is sought is the same as that addressed in the defendant's motion for summary judgment.

It is undisputed that Mary Chavez purchased a Young America Insurance Company policy with UM/UIM limits of $25,000/$50,000, matching the liability limits of her policy. It is also undisputed that Young America's rating plan and rules on file with the Colorado Division of Insurance limit the amount of bodily injury liability and UM/UIM coverage it can sell to $25,000/$50,000. The plaintiff's policy provided coverage for the death of her daughter, as a household resident, and Ms. Chavez made a timely claim for benefits of $25,000 per person. It is also undisputed that Young America did not offer higher UM/UIM coverage when Ms. Chavez purchased her policy.

Young America seeks dismissal of this civil action on the following logical argument: the Colorado statute, C.R.S. § 10-4-609(b)(2) requires an insurer to "offer the named insured the right to obtain higher limits of uninsured motorist coverage in accordance with its rating plan and rules." Young America's rating plan and rules do not provide for increased coverage and it is not authorized to sell automobile policies in Colorado with liability limits greater than $25,000/$50,000 per person per accident. Therefore, it had no duty to offer Ms. Chavez higher coverage.

The plaintiff argues that under the ruling in *Loar v. State Farm Mutual Auto. Ins. Co.,* 143 P.3d 1083 (Colo. App. 2006), Young America had a duty to inform the purchaser of the right to obtain higher UM/UIM coverage and advise her that "we do not sell this type of insurance and we suggest that if you wish to raise your UM/UIM limits that you go to another insurance company that sells excess UM/UIM limits." Plaintiff's Brief (Dkt. #28) at 5.

In *Loar*, the Colorado Court of Appeals distinguished between the statutory duty to "offer" higher coverage and to provide it. The court held that

> [T]he duty to inform of or "offer...the right to obtain" higher UM/UIM coverage is stated broadly in the first and second clauses of § 10-4-609(2); and the following clause, on which State Farm relies, is not a limit on that duty, but on the amount of coverage that the insurer must ultimately provide. The General Assembly chose to use "offer" in one clause and "provide" in the subsequent clause; and we must presume its use of the different terms was intentional.

Thus, although an insurer may not be obligated "to provide" UM/UIM coverage of more than $25,000 per person and $50,000 per accident if the insured elects only that

3

amount of liability coverage when purchasing an initial policy, it is not excused from its duty to inform plaintiffs of the "nature and purpose of UM/UIM coverage." *Id.* At 1086-87.

The insurer in *Loar*, State Farm could have provided liability coverage up to a maximum of $100,000 per person and $300,000 per accident and UM/UIM coverage in the same amount and therefore was obligated to offer it to the insured. However, the court in *Loar*, in remanding the case for trial, expressly held that the plaintiffs were not entitled to obtain enhanced UM/UIM coverage without raising their own bodily injury liability limits. *Id.* At 1087.

*Loar* does not support the plaintiff's position in this case. The defendant did not have a duty to offer coverage which it could not provide. The statute does not require the notice that the applicant may go to another insurance company as the plaintiff suggests. At any rate, a breach of a duty to give such notice does not result in the remedy requested–that the policy of Ms. Chavez and all others issued by Young America in Colorado be reformed to provide for enhanced UM/UIM coverage of $100,000/$300,000.

Accordingly, the Court cannot grant relief in this case. It is therefore

ORDERED, that the defendant's motion for summary judgment is granted and the Clerk will enter judgment for the defendant, dismissing this civil action and awarding it statutory costs. The motion to dismiss and petition for class certification are now moot.

DATED: January 17th, 2008

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch
United States District Judge